**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO**

Civil Action No. 16-00509-GPG

LAZARO AGUILAR,

    Plaintiff,

v.

COLORADO DEPARTMENT OF CORRECTIONS, and
STERLING CORRECTIONAL FACILITY,

    Defendants.

---

ORDER TO AMEND

---

Plaintiff, Lazaro Aguilar, a *pro se* prisoner litigant, has submitted a Prisoner Complaint (ECF No. 1) and a Prisoner's Motion and Affidavit for Leave to Proceed Pursuant to 28 U.S.C. § 1915 (ECF No. 2). He has been granted leave to proceed *in forma pauperis*. (ECF No. 4).

The court must construe the Prisoner Complaint liberally because Mr. Aguilar is not represented by an attorney. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). However, the court should not be an advocate for a *pro se* litigant. *See Hall*, 935 F.2d at 1110. For the reasons discussed below, Mr. Aguilar will be ordered to file an amended complaint if he wishes to pursue his claims in this action.

    **I.**    **Complaint**

Plaintiff asserts three claims for relief pursuant to 42 U.S.C. § 1983, all based on alleged violations of his Eighth and Fourteenth Amendment rights. He also requests

1

court appointed counsel. His request for appointment of counsel is denied as premature.

In his first claim, he alleges that in August of 2015, he was not provided with hygiene kids for three days and was left to clean himself with nothing other than water. He was also denied hygiene kits in September of 2015 for a period of five days and in October 2015 for a period of seven days. He seeks damages and injunctive relief.

In his second claim, Plaintiff alleges that on October 10, 2015, he handed a prison officer, John Doe, a Lost Laundry AR Form. He later found the AR Form sitting on a table. He filed a grievance arguing that John Doe left the AR Form on the table as retaliation. The Lost Laundry AR Form was based on a missing state-issued knit cap, which Plaintiff lost in June of 2014. Plaintiff has now received another state-issued knit cap, but he was without a cap for two winter seasons. He seeks damages and injunctive relief.

Finally, his third claim is that on September 15, 2105, he was put in punitive segregation and was furnished one orange jumpsuit. The prison does laundry on Sunday and Wednesday nights. Thus, while he was in punitive segregation, on five separate laundry days, he was left naked overnight, and throughout the next day until about 8:30 p.m. He seeks damages and injunctive relief.

**II.     Analysis**

**A. Colorado Department of Corrections and Sterling Correctional Facility**

First, any § 1983 claims against the Colorado Department of Corrections and the Sterling Correctional Facility are barred by the doctrine of Eleventh Amendment immunity. *Will v. Michigan Dep't of State Police*, 491 U.S. 58, 66 (1989). )). "It is well

established that absent an unmistakable waiver by the state of its Eleventh Amendment immunity, or an unmistakable abrogation of such immunity by Congress, the amendment provides absolute immunity from suit in federal courts for states and their agencies." *Ramirez v. Oklahoma Dep't of Mental Health*, 41 F.3d 584, 588 (10th Cir. 1994). The Colorado Department of Corrections and the Sterling Correctional Facility are agencies of the State of Colorado. The State of Colorado has not waived its Eleventh Amendment immunity, *see Griess v. Colorado*, 841 F.2d 1042, 1044-45 (10th Cir. 1988), and congressional enactment of 42 U.S.C. § 1983 did not abrogate Eleventh Amendment immunity, *see Ellis v. Univ. of Kan. Med. Ctr.*, 163 F.3d 1186, 1195-96 (10th Cir. 1998). Accordingly, the Colorado Department of Corrections and the Sterling Correctional Facility are not proper parties to this action and should not be named as Defendants in the Amended Complaint.

    **B. Claim One: Hygiene Kits and Claim Three: Forced to Be Naked on Five Separate Laundry Days**

Next, Plaintiff's first and third claims both appear to allege Eighth amendment conditions of confinement violations. In claim one, Plaintiff alleges he was denied hygiene kits on numerous occasions, lasting for three days, five days, and seven days. Claim three alleges that while he was housed in punitive segregation, he only had one orange jumpsuit and he was forced to go naked when it was being washed, which happened five times.

A prisoner claiming that he has been subjected to cruel and unusual punishment based on the conditions of his confinement must demonstrate, in part, that the infringement was sufficiently serious. *See Farmer v. Brennan*, 511 U.S. 825, 834, 114 S. Ct. 1970, 128 L. Ed. 2d 811 (1994). "[E]xtreme deprivations are required to make out

a conditions-of-confinement claim." *Hudson v. McMillian*, 503 U.S. 1, 9, 112 S. Ct. 995, 117 L. Ed. 2d 156 (1992). The Eighth Amendment is not violated unless the conditions deprive a prisoner of the "'minimal civilized measure of life's necessities.'" *Wilson v. Seiter*, 501 U.S. 294, 298, 111 S. Ct. 2321, 115 L. Ed. 2d 271 (1991) (quoting Rhodes v. Chapman, 452 U.S. 337, 347, 101 S. Ct. 2392, 69 L. Ed. 2d 59 (1981)). The core areas entitled to protection pursuant to the Eighth Amendment include food, shelter, sanitation, personal safety, medical care, and adequate clothing. *See Clemmons v. Bohannon*, 956 F.2d 1523, 1527 (10th Cir. 1992). Finally, an inmate asserting an Eighth Amendment claim must allege that the defendants acted with deliberate indifference. Deliberate indifference means that "a prison official may be held liable . . . only if he knows that inmates face a substantial risk of serious harm and disregards that risk by failing to take reasonable measures to abate it." *Farmer*, 511 U.S. at 847. Moreover, "[t]he Eighth Amendment 'does not mandate comfortable prisons,' and conditions imposed may be 'restrictive and even harsh.'" *Barney v. Pulsipher*, 143 F.3d 1299, 1311 (10th Cir. 1998) (citation omitted).

Mr. Aguilar's allegations do not state a claim for deprivation "of the minimal measure of life's necessities," as required to state a claim based on an Eighth Amendment violation. In assessing whether an environment is safe and humane for prisoners, the Court should take into account the circumstances of the challenged conditions, including the duration of the alleged deprivations. *Despain v. Uphoff*, 264 F.3d 965, 974 (10th Cir. 2001); *see Powell v. Wilner*, 06-cv-00545, 2009 U.S. Dist. LEXIS 131795 (D. Colo. Mar. 4, 2009) (citing *e.g., Williams v. Delo*, 49 F.3d 442, 444-46 (8th Cir. 1995) (finding no Eighth Amendment violation when a prison refused to give

a prisoner running water, "tooth brush, tooth paste, deodorant, soap, sheets, blankets, pillow cases, pillows, mattresses, his legal mailing, and clothing" for four consecutive days)); *Harris v. Fleming*, 839 F.2d 1232, 1235-36 (7th Cir. 1988) (holding that five-day confinement in roach-infested cell did not implicate a constitutional injury); *Ladd v. Stotts*, No. 92-3205-DES, 1995 U.S. Dist. LEXIS 14638, 1995 WL 584700, at *3 (D. Kan. Sept. 28, 1995) (unpublished decision) (finding no Eighth Amendment violation when prison denied prisoner clean water for thirty hours)); *see also Estrada v. Kruse*, 38 Fed. Appx. 498, 499 (10th Cir. 2002) (unpublished) (affirming dismissal of plaintiff's claim that he was subjected to cruel and unusual punishment when he was held for four nights and five days in a stripped basement intake cell in September 1998 with minimal clothing and bedding, no personal hygiene items, and no cleaning supplies for the cell). In this case, the duration of the deprivations – three, five, and seven days without a hygiene kit and five times being forced to be naked for a single day – does not amount to a constitutional violation.

    **B. Claim Two: Knit Cap**

Next, Plaintiff makes numerous allegations regarding a knit cap he lost in June of 2014. He argues that he filled out a Lost Laundry AR form and handed it to a prison official and then found the same AR form sitting on a table. He alludes to the fact that the prison official retaliated against him by not properly turning in the form. He also alleges that he finally did receive a replacement for his state issued knit cap, but only after being without a cap for two winters.

Prison officials may not retaliate against an inmate for exercising his constitutional rights. *See Peterson v. Shanks*, 149 F.3d 1140, 1144 (10th Cir. 1998).

To state a retaliation claim, Plaintiff must allege facts to show that (1) he was engaged in constitutionally protected activity, (2) the Defendants' actions caused him to suffer an injury that would chill a person of ordinary firmness from continuing to engage in that activity, and, (3) the Defendants' adverse actions was substantially motivated as a response to Plaintiff' s constitutionally protected activity.  *See Shero v. City of Grove,* 510 F.3d 1196, 1203 (10th Cir.2007).

In the Complaint, Plaintiff does not allege specific facts to satisfy the second or third elements outlined above.  "Mere allegations of constitutional retaliation will not suffice; plaintiffs must rather allege specific facts showing retaliation because of the exercise of the prisoner's constitutional rights."  *Gee*, 627 F.3d at 1191 (quoting  *Frazier v. Dubois*, 922 F.2d 560, 562 n. 1 (10th Cir. 1991)).

On the other hand, if this claim is based on the conditions of confinement, Plaintiff has not alleged circumstances to conclude that being without a knit cap for two winter seasons was a deprivation "of the minimal measure of life's necessities." Although exposure to inclement weather without proper clothing can meet the objective prong of an Eighth Amendment violation, Mr. Aguilar has not alleged that he was forced to go outside in adverse weather conditions without proper clothing or how many times he was forced to go outside and for how long.

Therefore, Plaintiff will be ordered to file an amended complaint.  Plaintiff should clearly identify the Defendants and the § 1983 claims asserted, and name as Defendants only those persons he contends actually violated his federal constitutional rights.  Plaintiff "must explain what each defendant did to him or her; when the defendant did it; how the defendant' s action harmed him or her; and, what specific legal

right the plaintiff believes the defendant violated." *Nasious v. Two Unknown B.I.C.E. Agents*, 492 F.3d 1158, 1163 (10th Cir. 2007).

Accordingly, it is

ORDERED that **within thirty days from the date of this Order**, Plaintiff shall file an Amended Complaint that complies with this Order. It is

FURTHER ORDERED that Plaintiff shall obtain the Court-approved Prisoner Complaint form (with the assistance of his case manager or the facility' s legal assistant), along with the applicable instructions, at www.cod.uscourts.gov, to be used in filing the Amended Complaint. It is

FURTHER ORDERED that if Plaintiff fails to file an Amended Complaint that complies with this Order within the time allowed, the action may be dismissed without further notice. It is

FURTHER ORDERED that Plaintiff's request for appointment of counsel is denied as premature.

DATED March 17, 2016, at Denver, Colorado.

BY THE COURT:

s/Gordon P. Gallagher
United States Magistrate Judge