## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLORADO

Civil Action No. 16-00509-GPG

LAZARO AGUILAR,

    Plaintiff,

v.

COLORADO DEPARMENT [sic] OF CORRECTIONS, and
STERLING CORRECTIONAL FACILITY,

    Defendants.

---

## ORDER DIRECTING PLAINTIFF TO FILE
## SECOND AMENDED PRISONER COMPLAINT

---

Plaintiff Lazaro Aguilar is in the custody of the Colorado Department of Corrections. He filed *pro se* a Prisoner Complaint pursuant to 42 U.S.C. § 1983 on February 26, 2016 (ECF No. 1). On March 18, 2016, U.S. Magistrate Judge Gordon P. Gallagher ordered Plaintiff to file an amended complaint which complied with the directions set forth in the Order to Amend (ECF No. 5). Plaintiff filed an Amended Prisoner Complaint on April 7, 2016 (ECF No. 7).

The Court must construe the Amended Prisoner Complaint liberally because Mr. Aguilar is not represented by an attorney. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). However, the Court should not be an advocate for a *pro se* litigant. *See Hall*, 935 F.2d at 1110. For the reasons discussed below, Mr. Aguilar is ordered to file a Second Amended Prisoner Complaint if he wishes to pursue the claims in this action.

In the Order to Amend (ECF No. 5), the Court explained that any claims pursuant to 42 U.S.C. § 1983 against the Colorado Department of Corrections and Sterling Correctional Facility are barred by the doctrine of Eleventh Amendment immunity, thus these entities are not proper parties and should not be named as defendants in an amended complaint. (ECF No. 5 at 2-3). The Court also addressed substantive deficiencies in the three claims alleged in the initial pleading. (*Id.* at 3-6). The Court directed Plaintiff to file an amended complaint which clearly identifies the defendants and claims asserted and names as defendants only those persons he contends actually violated his federal constitutional rights. (*Id.* at 6).

The Amended Prisoner Complaint fails to comply with the directions set forth in the Order to Amend. (*See* ECF No. 7). Plaintiff again names only the Colorado Department of Corrections and Sterling Correctional Facility as defendants. He alleges these entities are "employer/contractor[s]", but this is legally insufficient. Any constitutional claims pursuant to 42 U.S.C. § 1983 that Plaintiff might assert against the Colorado Department of Corrections and Sterling Correctional Facility, which are agencies of the State of Colorado, are barred by Eleventh Amendment immunity, regardless of the relief sought. *Will v. Michigan Dep't of State Police*, 491 U.S. 58, 66 (1989); *Steadfast Ins. Co. v. Agricultural Ins. Co.*, 507 F.3d 1250, 1252–53 (10th Cir. 2007); (*see also* ECF No. 5 at 2-3). The Eleventh Amendment may not bar a federal court action so long as the plaintiff seeks in substance only prospective relief and not retrospective relief for alleged violations of federal law, but a claim for prospective relief may only be asserted against individual state officers. *Verizon Maryland v. Public Service Comm'n of Maryland*, 535 U.S. 635, 645-46 (2002); *Hill v. Kemp*, 478 F.3d

1236, 1255-56 (10th Cir. 2007).  In the Amended Prisoner Complaint, Plaintiff has again failed to name individual state officers as defendants.

In the Second Amended Prisoner Complaint, Plaintiff must name individual persons as defendants and assert personal participation by each named defendant in the alleged constitutional violation.  *See Bennett v. Passic*, 545 F.2d 1260, 1262-63 (10th Cir. 1976).  To establish personal participation, Plaintiff must show how each named individual caused the deprivation of a federal right.  *See Kentucky v. Graham*, 473 U.S. 159, 166 (1985).  There must be an affirmative link between the alleged constitutional violation and each defendant's participation, control or direction, or failure to supervise.  *See Butler v. City of Norman*, 992 F.2d 1053, 1055 (10th Cir. 1993). Although a defendant can be liable in a § 1983 action based on his or her supervisory responsibilities, a claim of supervisory liability must be supported by allegations that demonstrate personal involvement, a causal connection to the constitutional violation, and a culpable state of mind.  *See Schneider v. City of Grand Junction Police Dep't*, 717 F.3d 760, 767-69 (10th Cir. 2013) (discussing standards for supervisory liability). Therefore, in order to succeed in a § 1983 suit against a government official for conduct that arises out of his or her supervisory responsibilities, a plaintiff must allege and demonstrate that: "(1) the defendant promulgated, created, implemented or possessed responsibility for the continued operation of a policy that (2) caused the complained of constitutional harm, and (3) acted with the state of mind required to establish the alleged constitutional deprivation." *Dodds v. Richardson*, 614 F.3d 1185, 1199 (10th Cir. 2010).

Likewise, Plaintiff alleges the same three claims in the Amended Prisoner Complaint as he did in the initial pleading. (*Compare* ECF No. 7 *with* ECF No. 1). It appears that instead of addressing the factual allegations underlying the claims, Plaintiff included citations to case law without explanation or factual support. (*See* ECF No. 7). He failed to address the deficiencies described in the Order to Amend, that the alleged conditions of confinement claims concerning lack of hygiene kits and laundered jumpsuits are not sufficiently serious to implicate constitutional violations, and the allegations regarding a lost knit cap do not sufficiently state a claim of retaliation or unconstitutional conditions of confinement. (*See* ECF No. 5).

In consideration of Plaintiff's status as an incarcerated *pro se* litigant and his attempt to correct the deficiencies in the initial Prisoner Complaint, the Court will allow an additional opportunity to amend. Plaintiff is ordered to file a Second Amended Prisoner Complaint which complies with this Order and the Order to Amend (ECF No. 5). Again, Plaintiff is directed to clearly identify the defendants and the § 1983 claims asserted and name as defendants only those individual persons he contends actually violated his federal constitutional rights. Plaintiff "must explain what each defendant did to him or her; when the defendant did it; how the defendant's action harmed him or her; and, what specific legal right the plaintiff believes the defendant violated." *Nasious v. Two Unknown B.I.C.E. Agents*, 492 F.3d 1158, 1163 (10th Cir. 2007).

Plaintiff is warned that his failure to comply with the directions in this Order may result in the imposition of filing restrictions pursuant to 28 U.S.C. § 1915(g). The statute provides in relevant part:

> In no event shall a prisoner bring a civil action or appeal a judgment in a
> civil action or proceeding under this section if the prisoner has, on 3 or

> more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

28 U.S.C. § 1915(g). Plaintiff has filed two other cases in this District which have been dismissed as legally frivolous. *Aguilar v. Colo. Dep't of Corr., et al.*, No. 15-cv-01713-LTB, Order of Dismissal, ECF No. 19 (D. Colo. Jan. 28, 2016) (dismissing action after providing leave to amend due to Plaintiff's failure to cure legal deficiencies, including his persistence in naming the Colorado Department of Corrections and Colorado State Penitentiary as defendants); *Aguilar v. Colo. State Penententry [sic] et al.*, No. 15-cv-01481-LTB, Order of Dismissal, ECF No. 51 (D. Colo. March 31, 2016) (dismissed as legally frivolous); *see also Neitzke v. Williams*, 490 U.S. 319, 327-28 (1989) (A legally frivolous claim is one in which the plaintiff asserts the violation of a legal interest that clearly does not exist or asserts facts that do not support an arguable claim.). In both of those cases, Plaintiff named Colorado state entities as defendants, despite the Court's instruction that such entities are protected by Eleventh Amendment immunity. Plaintiff failed to identify individual persons as defendants, allege personal participation, and provide supporting factual allegations, just as in this case. If Plaintiff fails to file a Second Amended Prisoner Complaint which complies with this Order and the Order to Amend, this action may be dismissed as legally frivolous. Such dismissal may count as a third dismissal which could impose filing restrictions pursuant to 28 U.S.C. § 1915(g), namely, having to pay the full $400 filing fee in the absence of imminent danger of serious physical injury.

Accordingly, it is

ORDERED that **within thirty days from the date of this Order**, Plaintiff shall file a Second Amended Prisoner Complaint that complies with this Order and the Order to Amend (ECF No. 5).  It is

FURTHER ORDERED that Plaintiff shall obtain the court-approved form Prisoner Complaint (with the assistance of his case manager or the facility's legal assistant), along with the applicable instructions, at www.cod.uscourts.gov, to be used in preparing and filing the Second Amended Prisoner Complaint.  It is

FURTHER ORDERED that if Plaintiff fails to file a Second Amended Prisoner Complaint that complies with this Order within the time allowed, this action may be dismissed without further notice.  It is

FURTHER ORDERED that Plaintiff's "Motion for the Admission of Documentary Evidence" (ECF No. 6; April 1, 2016) is **DENIED WITHOUT PREJUDICE** as premature. Plaintiff may attach exhibits to a Second Amended Prisoner Complaint, but he is warned that it is his responsibility to present his claims in a manageable and readable format that allows the Court and defendants to know what claims are being asserted and to be able to respond to those claims.  As previously stated, Plaintiff must allege, simply and concisely, his specific claims for relief, including the specific rights that allegedly have been violated and the specific acts of each individual defendant that allegedly violated his rights.  Plaintiff is directed to present his claims in the space provided on the court-approved Prisoner Complaint form and include relevant supporting factual allegations for each claim in the space provided, limited to no more than a total of thirty pages pursuant to this Court's instructions for filing a Prisoner Complaint.   The Court and

defendants are not required to sift through attachments to locate the heart of each claim.  *Garrett v. Selby Connor Maddux & Janer*, 425 F.3d 836, 840 (10th Cir. 2005).

DATED April 25, 2016, at Denver, Colorado.

BY THE COURT:

_____
Gordon P. Gallagher
United States Magistrate Judge